STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-040

JAMES CAMPBELL,

        Plaintiff

**JUDGMENT AND DECISION**
(TITLE TO REAL ESTATE AFFECTED)

    v.

CAROL NORTHROP,

        Defendant

OCT 8 2004

1.    <u>THE PARTIES</u> - The plaintiff is James Campbell who was represented by Attorney Ronald G. Caron of Saco, Maine. The defendant is Carol Northrop of 2 Birch Lane in Old Orchard Beach, Maine, who was represented by Attorney Sally A. Williams of Biddeford, Maine.

2.    <u>DOCKET NUMBER</u> - The docket number is RE-03-40.

3.    <u>NOTICE</u> – All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

4.    <u>REAL ESTATE INVOLVED</u> - The plaintiff has made a claim that because of a relationship with the defendant he is entitled to a share in the value of real estate located at 2 Birch Lane in Old Orchard Beach, Maine, which is described in a deed of October 10, 1997 from Charles F. Dickinson and Patricia J. Dickinson to Carol P. Northrop which is recorded at Book 8475, Page 98 of the York County Registry of Deeds.

The parties lived together from early 1997 through April 2003. They resided for nearly all of that time at a home at 2 Birch Lane in Old Orchard Beach title to which is held solely by the defendant. During their time together, they pooled their incomes and paid their individual and joint obligations from a single checking account solely in the defendant's name. After their relationship ended and the plaintiff moved out, he filed a six-count complaint. Count I claims a breach of an express joint venture contract while Count II alleges a breach of an implied joint venture contract. Count III is for breach of contract in *quantum meruit*. Count IV is a claim for unjust enrichment. Count V is a claim for conversion of personal property and Count VI (captioned as Count V) is an unjust enrichment claim involving personal property.

The defendant answered and brought a counterclaim for the return of furniture and related items that she alleges the plaintiff improperly took when they separated. The plaintiff responded with a counterclaim for breach of contract (Count I), unjust enrichment (Count II) and specific performance/promissory estoppel (Count III) relating to the division of personal property at the time of their separation. The case has now been tried and argued.

Count I is a claim that the parties entered into an express joint venture contract where they would combine their incomes, share their expenses and purchase a home together. The plaintiff claims that this contract was broken and that he is entitled to either the value he added to the real estate or one-half of the equity in the property. After a review of the evidence, I cannot find that an express contract for a joint venture was entered into. There is no written document that establishes such an agreement. Neither do the facts support the claim that a non-written agreement was reached.

The defendant who had been divorced twice had just received $25,000.00 as her share of the proceeds from the sale of the marital home involved in her second

2

marriage. She purchased the home in this case in her own name, took out a mortgage just in her name and used the $25,000.00 toward the purchase. Later a second mortgage was taken in her name alone and she used proceeds from her 401(k) pension plan to buy appliances and make improvements. Despite the opportunity to do so for 6 years the defendant never put the property into joint ownership.

It is true that the plaintiff turned over his paycheck each week, less an allowance of $100.00 to $200.00 per week, and contributed labor to various improvements or repairs. While the plaintiff wanted joint ownership there was never an agreement that it would occur. Various reasons were given for title being and remaining solely with Ms. Northrop. A reason that was given to their friends and relatives was that it would be unwise to have joint ownership, as the plaintiff owed back child support. A second reason, which I find to be credible, was that the defendant, having been divorced twice and being required to move, wanted the security that came with sole ownership. She did offer to add the plaintiff as an owner only if he bought in by paying her. This cash payment would provide her with more security. When he declined she refused to change the deed.

The question exists as to why the plaintiff would do work on the property if he was not an owner or going to become one. The answer is that he did the work either out of what was then love and affection or because it gave him a nicer place to live. There, however, was no non-written express agreement and there certainly was no written agreement to hold the real estate in joint ownership.

The second count is for breach of an implied joint venture contract. It was clear from the start that the defendant was having no part of joint ownership. Perhaps she used the excuse of back child support to mask her fears that this relationship would not last. However, there was not an implied joint venture contract regarding the house.

3

Count III is a claim of breach of implied contract. In order to prevail on a claim in *quantum meruit* the plaintiff must establish that, "(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Forrest Associates v. Passamaquoddy Tribe*, 2000 ME 195, ¶11, 760 A.2d 1041, 5 quoting *Carvel Co. v. Spencer Press, Inc.*, 1998 ME 74, ¶12, 708 A.2d 1033, 1036. Here requirements 1 and 2 were met. However, the services were very modest and were more consistent with a person helping out his girlfriend and improving his surroundings than they were supportive of a claim that payment was expected. Some of the work was done concerning a hot tub and small fountain, also described as a small pond, which were additions that the plaintiff personally wanted. It was not reasonable for the plaintiff to expect payment for his services. They were incidental to his then love for the defendant and his living with her.

The next claim was for unjust enrichment. The requirements of that claim are set out in such cases as *Estate of White*, 521 A.2d 1180, 83 (Me. 1987) and include the requirement that a benefit be conferred on the defendant by the plaintiff, that there be an appreciation or knowledge of the benefit by the defendant and the acceptance or keeping of the benefit under "such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." As with *quantum meruit* the facts do not support the final requirement of the claim. The plaintiff also received numerous benefits and services from the defendant such as grocery shopping, cooking and bill paying. It was fully equitable for Ms. Northrop to retain the modest value of some incidental labor without separately paying for it.

In Count V, a claim of conversion of personal property, the plaintiff is correct in his assertions with a few exceptions. Within 30 days the defendant shall make available

4

to the plaintiff the following items listed on plaintiff's exhibit 7, which is attached as Exhibit 1 to this opinion. Item 1; 2 skillsaws in item 2; items 4, 7, 12 and 17; the stereo from item 18; items 20, 24, 27, 28, 29 and one of the grill tanks in item 30. The plaintiff has indicated that she does not have a third skillsaw or items 3, 5, 6, 10, 16, the albums in item 18, or items 21 or 31. If the defendant finds any of these items, or determines that she was mistaken in her belief that she either did not have them or the defendant did, then they shall be turned over to the defendant. If a better description of item 8 is provided and she has the "ceramic grids" they shall be turned over as well. Those items that are affixed to the house will remain where they are.

Count VI, labeled Count V: Unjust Enrichment (Personal Property) is dismissed as the conversion claim in Count V provides a sufficient remedy for the return of any personal property that the plaintiff is entitled to.

The parties reached an agreement contained in plaintiff's Exhibits 5A and 5B for the return of certain property to the plaintiff in return for the defendant's ownership and use of a Plymouth Voyager. While there is a question about the circumstances under which this agreement was entered into, neither party seeks to void the entire agreement and the facts and law do not permit a revisiting of a portion of the agreement based on the evidence in this case. Judgment will be entered for the plaintiff on the defendant's counterclaim and for the defendant on the plaintiff's counterclaim.

The parties have tried by implied consent, see Rule 15(b),M.R.Civ.P., the additional issue of the ownership of the proceeds of the defendant's credit union account. This account contained funds that they both contributed. Since it is impossible to trace the March 31, 2003 balance it is ordered that the balance of $5,623.93 is to be equally divided. No interest or costs are awarded as this issue was tried by implied consent.

5

Wherefore, the entry is:

Judgment for the defendant on Counts I, II, III, IV and VI (Unjust Enrichment (Personal Property)) of the complaint.

Judgment for the plaintiff on Count V (Conversion (Personal Property)) consistent with this decision.

Judgment for the defendant on the plaintiff's counterclaim.

Judgment for the plaintiff on the defendant's counterclaim.

The defendant shall pay the plaintiff $2,811.97 within 90 days for his share of the checking account used by the parties.

It is declared that Carol Northrop is the sole owner of the real estate at 2 Birch Lane in Old Orchard Beach, Maine, described at Book 8475, Page 98 and that James Campbell has no interest in that property.

The defendant shall record an attested copy of this judgment and pay the appropriate recording fees.


Dated:       September 23, 2004

Paul A. Fritzsche
Justice, Superior Court


## CLERK'S CERTIFICATION

The applicable appeal period has expired without action or final judgment has been entered after remand following appeal.


Dated:_____

_____
Clerk, Superior Court


Ronald Carron, Esq. - Plaintiff
Sally A. Williams, Esq. - Defendant

6

**EXHIBIT 1 TO OPINION**

PLAINTIFF'S
EXHIBIT
7
RE-03-040

## Jim Campbell – Personal Property

1. Kerosene Heater
2. 3 Skillsaws
3. 1 saw
4. 1 aluminum ladder
5. 1 chainsaw
6. Grill parts new – downstairs
7. 1 file cabinet
8. Ceramic grids
9. Burners
10. Electric rotisserie motor for grill
11. 1 cabinet – downstairs
12. Odds and ends of beer lights and signs
13. 1 steel dartboard with background
14. 2 steel scoring boards
15. Lights in shed or house from Bob the electrician and bulbs
16. ½ roll of electrical wire
17. Floor jack and jack stands
18. 1 console stereo and old albums
19. Lots of cd's and rack
20. Tools on tool board
21. Portable drill
22. Dart board and background
23. 1 beer light
24. Tonneau cover and hardware
25. Stereo in garage
26. Speakers in basement from Kathy
27. 1 case of glasses in basement
28. 2 fans in basement
29. Play station
30. 2 grill tanks
31. Leather jacket liner